**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 06-4546**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MICHAEL JUSTIN SMITH,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern
District of North Carolina, at Wilmington.  James C. Fox, Senior
District Judge.  (5:05-cr-00207-F)

_____

Submitted:  October 20, 2006          Decided:  November 7, 2006

_____

Before WILLIAMS, KING, and DUNCAN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois,
Assistant Federal Public Defender, Raleigh, North Carolina, for
Appellant.  George E. B. Holding, Acting United States Attorney,
Anne M. Hayes, Jennifer May-Parker, Assistant United States
Attorneys, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Michael Justin Smith pled guilty to one count of unlawful possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(e) (West 2000 & Supp. 2006), and was sentenced to 180 months in prison. On appeal, Smith claims that the district court's classification of him as an armed career criminal under the Armed Career Criminal Act, 18 U.S.C. § 924(e) (West 2000) ("ACCA"), is unconstitutional under Blakely v. Washington, 542 U.S. 296 (2004), because it was imposed based on prior convictions that were neither properly alleged in the indictment nor admitted by him. Finding no error, we affirm.

Because Smith objected to the presentence investigation report and objected at sentencing to the district court's classification of him as an armed career criminal, we review de novo. See United States v. Mackins, 315 F.3d 399, 405 (4th Cir. 2003). When a defendant preserves a Sixth Amendment error, this court "must reverse unless [it] find[s] this constitutional error harmless beyond a reasonable doubt, with the Government bearing the burden of proving harmlessness." Id. (citations omitted).

On appeal, Smith asserts that the indictment to which he pled guilty was insufficient to support the ACCA enhancement because it did not list the specific predicate felony convictions. This argument fails under controlling circuit precedent. In United States v. Thompson, 421 F.3d 278, 284 n.4 (4th Cir. 2005), cert.

- 2 -

denied, 126 S. Ct. 1463 (2006), this court held that the indictment need not reference or list the prior convictions underlying the enhancement.  See also United States v. Cheek, 415 F.3d 349, 352-54 (4th Cir.) (holding that prior convictions used as basis for armed career criminal sentence need not be charged in indictment or proven beyond a reasonable doubt), cert. denied, 126 S. Ct. 640 (2005).

Smith also argues that "the application of the ACCA enhancement is unconstitutional [under Blakely] because it increased the punishment that Mr. Smith would ordinarily receive for the offense of conviction [sic]."  This argument also fails.  Though many defendants have argued, as Smith does here, that the prior conviction exception set forth in Almendarez-Torres v. United States, 523 U.S. 224, 247 (1998), may no longer be good law, see Shepard v. United States, 544 U.S. 13, 26-28 (2005) (Thomas, J., concurring), Booker clearly maintained the prior conviction exception.  See United States v. Booker, 543 U.S. 220, 244 (2005) ("Any fact (other than a prior conviction) which is necessary to support a sentence . . . must be proved to a jury. . . .").  Sixth Amendment protections apply only to disputed facts about a prior conviction that are not evident from "the conclusive significance of a prior judicial record."  Shepard, 544 U.S. at 25.

Moreover, a determination that a defendant is eligible for sentencing under the ACCA may be based on a judge's

determination that the predicate convictions are for violent felonies or drug trafficking crimes if the qualifying facts are inherent in the predicate convictions and the court is not required to perform additional fact finding.  <u>Thompson</u>, 421 F.3d at 282-83; <u>see also</u> <u>Cheek</u>, 415 F.3d at 354 (holding that, under the Sixth Amendment, the fact of a prior conviction need not be submitted to the jury or admitted by the defendant for it to serve as the basis for a sentence enhancement).

Accordingly, we affirm Smith's sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>